**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BRIAN WRIGHT, | Case No. 2:17-cv-01844-MMD-CWH |
| Plaintiff, | |
| v. | **SCREENING ORDER AND REPORT AND RECOMMENDATION** |
| KIMBERLY FRAYN, et al., | |
| Defendants. | |

Pro se prisoner Brian Wright brings this civil-rights case under 42 U.S.C. § 1983 for events that occurred during the investigation and prosecution of a criminal case against Wright, *United States of America v. Brian Wright et al.*, No. 2:14-cr-00357-APG-VCF. Wright moves to proceed *in forma pauperis*. (IFP Application (ECF No. 9).) Wright submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Wright's request to proceed *in forma pauperis* therefore will be granted. The court now screens Wright's complaint (ECF No. 1-1) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  ANALYSIS**

**A.  Screening standard for pro se prisoner claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6). To state a claim

under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the amended complaint**

Across seven claims, Wright sues defendants Kimberly Frayn, Christopher McPeak, Christopher Aguilar, Cristina Silva, and Lance Maningo for alleged violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments that occurred during the underlying criminal proceedings against Wright. (Compl. (ECF No. 1-1) at 2-3, 7-13.) Wright alleges that Frayn and Silva were the Assistant United States Attorneys who prosecuted his case, that McPeak is an FBI agent, that Aguilar is a Henderson Police Department officer, and that Maningo was his defense attorney. (*Id.* at 2-13.) Wright alleges the defendants, including his defense attorney, conspired

to frame him for crimes he did not commit, resulting in various civil rights violations during the course of the investigation and prosecution of his criminal case. (*Id.*) Wright seeks $10,000,000 in damages against each defendant.

If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114).

Here, Wright's § 1983 complaint directly attacks the validity of his criminal sentence. But Wright does not allege his sentence has been reversed or otherwise invalidated. Based on the docket in the underlying criminal case, it appears Wright appealed the conditions and length of supervised release imposed in 2016, the revocation of release and revocation sentence imposed in 2017, and the denial of his request for return of seized property. (*See* Memo. of USCA (ECF No. 406) in 2:14-cr-00357-APG-VCF.) But the United States Court of Appeals for the Ninth Circuit affirmed the conditions and length of Wright's original supervised release, the revocation of that release, and the revocation sentence. (*Id.*) While the Ninth Circuit reversed the district court's order denying Wright's request for the return of cash seized during his arrest and remanded for further proceedings on that issue, which are ongoing, the gravamen of Wright's civil-rights complaint is that he was framed. Given that the allegations in this case necessarily imply the invalidity of Wright's sentence, the court will recommend that Wright's complaint be dismissed without leave to amend.

## II. CONCLUSION

IT IS THEREFORE ORDERED that Wright's application to proceed *in forma pauperis* (ECF No. 9) is GRANTED. Wright will not be required to pay the filing fee in this action. Wright is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave

to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the clerk of court must file Wright's complaint (ECF No. 1-1).

IT IS RECOMMENDED that Wright's complaint be DISMISSED, with prejudice, for failure to state a claim upon which relief can be granted.

### III. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 26, 2019

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE