UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRIAN WRIGHT,

                Plaintiff,

v.

KIMBERLY FRAYN, *et al.*,

                Defendants.

Case No. 2:17-cv-01844-MMD-CWH

ORDER

**I.    SUMMARY**

This is a civil rights action brought by an individual—Plaintiff Brian Wright—who is incarcerated within the Nevada Department of Correction ("NDOC"). Before the Court is Plaintiff's objection (ECF No. 20) to Magistrate Judge Carl W. Hoffman's screening order and report and recommendation ("Report and Recommendation" or "R&R") (ECF No. 15). Additionally before the Court is Plaintiff's motion for disqualification of Magistrate Judge Hoffman. (ECF No. 17.) For the following reasons, the Court overrules Plaintiff's objection and denies Plaintiff's motion for disqualification.

**II.    BACKGROUND**

Plaintiff generally alleges in the Complaint that he was framed for crimes he did not commit by the Assistant United States Attorneys who prosecuted his criminal case, an FBI agent, a Henderson Police Department officer, and his defense attorney. (ECF No. 16 at 2-13.) Magistrate Judge Hoffman recommended dismissing the Complaint with prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction or sentence. (ECF No. 15 at 3.)

**III.    PLAINTIFF'S OBJECTION (ECF NO. 20)**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

1 timely objects to a magistrate judge's report and recommendation, then the court is
2 required to "make a *de novo* determination of those portions of the [report and
3 recommendation] to which objection is made." *Id.* In light of Plaintiff's objection, the Court
4 will engage in a *de novo* review to determine whether to adopt Magistrate Judge Hoffman's
5 R&R.

Judge Hoffman characterized this action as a "civil-rights case under 42 U.S.C. § 1983." (ECF No. 15 at 3.) Plaintiff objects that he filed a *Bivens* action—not a § 1983 action. (ECF No. 20 at 2.) The distinction is irrelevant. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").

Plaintiff also argues that he should be permitted an opportunity to amend the Complaint. (*Id.*) But amendment would be futile. The essential question presented in the Complaint is whether Plaintiff was framed for crimes he did not commit—this question cannot be decided in a § 1983 or *Bivens* action. *See Heck*, 512 U.S. at 486-87 ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

Accordingly, Plaintiff's objection is overruled.

**IV.    PLAINTIFF'S MOTION FOR DISQUALIFICATION (ECF NO. 17)**

Plaintiff argues that Magistrate Judge Hoffman should be disqualified from this case under 28 U.S.C. § 455(b)(1) and 28 U.S.C. § 144. (ECF No. 17 at 1.) The first provision requires disqualification when the judge has a personal bias or prejudice concerning a party. *See* 28 U.S.C. § 455(b)(1). The second provision requires another judge to be assigned to a case "[w]henever a party makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." *See* 28 U.S.C. § 144.

///

| | |
|---|---|
| 1 | The basis for Plaintiff's motion is that Judge Hoffman allegedly has done nothing in this case for two years. (*See* ECF No. 17 at 2.) The record contradicts Plaintiff's allegation. Judge Hoffman has issued numerous orders since the case was initiated on July 3, 2017. (*See, e.g.*, ECF No. 3 (denying without prejudice Plaintiff's application to proceed *in forma pauperis*); ECF No. 8 (same); ECF No. 13 (recommending denial of pending dispositive motions); ECF No. 15 (screening order and report and recommendation).) Moreover, even if Judge Hoffman had not issued any orders during the pendency of this action, such purported conduct, or even delay in ruling on pending matters, does not evidence bias or prejudice to support disqualification. |

Accordingly, the Court denies Plaintiff's motion.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion and objection before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carl W. Hoffman (ECF No. 15) is accepted and adopted in full. Plaintiff's Complaint is dismissed with prejudice.

It is further ordered that Plaintiff's objection (ECF No. 20) is overruled.

It is further ordered that Plaintiff's motion for disqualification (ECF No. 17) is denied.

It is further ordered that the Clerk of the Court close this case.

DATED THIS 29th day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE